UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JENNIFER A. BERTAUT                                             CIVIL ACTION

VERSUS                                                          NO. 06-2437
                                                                (GTP)
THE FOLGER COFFEE COMPANY                                       SECTION "A"

### ORDER AND REASONS

Before this Court is a Partial Motion to Dismiss Pursuant to Rule 12(b)6, filed on behalf of the Defendant, The Folger Coffee Company ("Folgers") [Doc. 8]. This Motion was set for hearing on August 9, 2006, without oral argument, and taken under submission solely on the briefs. The Court, having considered the record, the evidence submitted, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

### I.    BACKGROUND

In the present action, Plaintiff Jennifer Bertaut alleges that between May 2002 and mid-2004, she was subject to ongoing harassment inflicted by a co-worker, and such harassment was complained of to her managers, Marty Kolwyck and Glenn Vinson. The plaintiff alleges the harassment was "so severe that Petitioner suffered physical illnesses and was prevented from achieving standard levels of pay and performance." Further, Petitioner alleges that she witnessed

1

and reported alleged sexual harassment between her co-workers, which she alleges caused her to develop stress related illnesses and caused her to be placed on light duty. In addition, Petitioner is alleged to have complained to the plant manager, Kristin Okhuysen, that Marty Kolwyck, her manager, had begun to harass her because of her prior complaints.  Petitioner was later suspended in late 2004 and early 2005 and was later terminated on March 3, 2005.  Petitioner alleges that "intentional and gross negligence, acts of fault, gross and wanton negligence, and a lack of skill by the defendant 'Folgers'" was the sole and/or proximate cause of the injuries sustained.  She has brought claims for negligent and intentional infliction of emotional distress, wrongful termination, failure to provide a non-hostile workplace in violation fo La. R.S. 23:311, failure to supervise, failure to train and "[s]uch other acts and omissions as will be shown on trial..."  Petitioner seeks damages under Louisiana Revised Statute 23:303 for her discrimination claims and specifically pleads Respondeat Superior and Res Ipsa Loquitor.  Defendant, Folgers, now moves this court to dismiss certain claims.

## II.    Law and Analysis of the Court

### A.    Law on Rule 12(b)(6) Motions

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), courts have found that dismissal "is viewed with disfavor and is rarely granted."  Lowery v. Texas A&M University System, 117 F.3d 242, 247 (5th Cir. 1997); Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir.2002); Campbell v. Wells Fargo Bank, 781 F.2d

440, 442 (5th Cir. 1980).  A district court may not dismiss a complaint under FRCP 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Ramming v. United States, 281 F.3d 158, 161 (5th Cir.2001); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); Blackburn v. Marshall, 42 F.3d 925, 931 (5th Cir. 1995).  The Fifth Circuit defines this strict standard as, "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief."  Lowrey, 117 F.3d at 247, citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §1357, at 601 (1969).

     **B.**     **Louisiana's Employment Discrimination Law**

Folgers argues that Rule 12(b)6 dismissal is proper for the plaintiff's employment discrimination claims because the plaintiff failed to comply with the prerequisites of the Louisiana Employment Discrimination statute ("LEDL"),  La.  R.S. 23:301 et seq.  Namely, it submits that the plaintiff failed to satisfy the notice provisions of Louisiana Revised Statute 23:303(c). **This court agrees.**

The plaintiff argues that she is entitled to relief in accordance with La. R.S. 23:303 which allows a plaintiff with a cause of action against an employer, employment agency, or labor organization for a violation of LEDL to "file a civil suit in a district court seeking compensatory damages, back pay, benefits, reinstatement, or if appropriate, front pay, reasonable attorney fees, and court costs."  LA R.S. 23:303.  However, the legislature placed an important caveat on an employee's right to sue:  "A  plaintiff  who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written

3

notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action." Lombardino v. Brentwood Health Management L.L.C. 2005 WL 2600439 (W.D. La.2005), citing La. R.S. 23:303(c); see also Mayes v. Office Depot, Inc., 292 F.Supp.2d 878, 889 (W.D. La. 2003)(holding that "a plaintiff must give the proposed defendant written notice that she believes she has been discriminated against at least 30 days before initiating court action"). LEDL does not expressly provide for a penalty in the event of noncompliance with its procedural provisions.  Nonetheless, other courts addressing this issue have determined that a claim under the LEDL must be dismissed if the plaintiff fails to satisfy the notice requirements, unless she has filed a charge with the EEOC within the requisite time period. see Dunn v. Nextel South Corp., 207 F.Supp.2d 523, 524 (M.D. La.2002); see also, Trahan v. Lowe's Inc., 2002 WL 1560272 at *5 (E.D. La.2002) (outlining other federal courts that have barred discrimination claims for failure to comply with La. R.S. 23:303(c)).

In reviewing the Plaintiff's complaint and the Plaintiff's Opposition to the Defendant's Motion to Dismiss, this court finds no indication that the plaintiff satisfied the requirements of the statute or that she filed a charge with the EEOC.  Additionally, the plaintiff has failed to provide any additional information which would demonstrate that she gave written notice to Folgers or that she made a good faith effort to resolve the issue before initiating suit. While the Plaintiff correctly states that the Fifth Circuit has said that summary judgment is generally "an inappropriate tool for resolving claims of employment discrimination," this does not relieve the Plaintiff of the requirements set forth in LA R.S. 23:303(c), that notice must be given before filing suit.  Therefore,

4

given the plaintiff's silence as to any indication that she gave notice, this court must conclude that the plaintiff failed to satisfy the prerequisites of La. R.S. 23:303(c). Accordingly, this claim is procedurally barred and is dismissed without prejudice.

  **C.**  **Causes of Action for Negligence**

Folgers also argues in its motion that the plaintiff's claims for negligent infliction of emotional distress, failure to train and failure to supervise are barred by the Louisiana Workers' Compensation Statute, which is the exclusive remedy for injuries or damages caused by an employer's negligence. **This court agrees.** La. R.S. 23:1032; Gilpin v. Elmer Candy Corp., 2000 U.S. Dist. LEXIS 7936 (E.D. La. 2000)(dismissing negligent infliction of emotional distress claim where all claims arose out of course and scope of employment); Mays v. Office Depot, Inc., 2002 U.S. Dist. LEXIS 27063 at *14 (W.D. La. 2002)(granting motion to dismiss negligent supervision claims because of the exclusive worker's compensation remedy provided in Louisiana worker's compensation law); Debiew v. K-Mart Corp., 1998 U.S. Dist LEXIS 13165 at *12-13 (E.D. La. 1998)(granting employer's motion for summary judgment as to the plaintiff's negligence claims of failure to train/supervise because they were barred by Louisiana worker's compensation laws).

  The Plaintiff has not alleged that the conduct occurred outside the course and scope of employment and has specifically pled *respondeat superior*. *Respondeat superior* is the doctrine which provides that an employer is responsible for the actions of his or her employees in the "course of employment." The plaintiff cannot on one hand specifically claim that the doctrine of *respondeat superior* applies, while on the other, claim the actions did not arise in the course and scope of her employment. Because the plaintiff specifically claims her actions arise in the "course

of employment," worker's compensation applies and is the exclusive remedy for any claims of negligent infliction of emotional distress, failure to train, and failure to supervise. Accordingly, the Defense's motion to dismiss these claims is granted.

### D.    Cause of Action for Intentional Infliction of Emotional Distress

The Defendant argues that the Plaintiff's pleadings fall short of alleging any necessary facts for the finding of intentional infliction of emotional distress by the Defendant. **This court agrees**. Intentional torts are an exception to the exclusive remedy rule of worker's compensation law. La. R.S. 23:1302. To recover for intentional infliction of emotional distress under Louisiana law, a plaintiff must establish that: (1) the conduct of the defendant was extreme and outrageous; (2) the emotional distress suffered by the plaintiff was severe; and (3) the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from its conduct. White v. Monsanto Co., 585 So.2d 1205, 1209 (La. 1991); Nicholas v. Allstate Inc. Co., 765 So. 2d 1017, 1022 (La. 2000); Simoneaux v. New York Life Ins. Co., 2001 U.S. Dist. LEXIS 5402, at *4 (M.D. La. 2001). Although Louisiana recognizes a cause of action for intentional infliction of emotional distress in a workplace setting, this state's jurisprudence has limited the cause of action to cases which involve a pattern of deliberate, repeated harassment over a period of time. Nicholas v. Allstate Ins. Co., 765 So.2d 1017 (La. 2000). White, 585 So.2d at 1209; Maggio v. St. Francis Med. Ctr., Inc., 391 So.2d 948 (La.App. 2d. Cir. 1980), writ denied, 396 So.2d 1351 (La. 1981). "The defendant's knowledge that plaintiff is particularly susceptible to emotional distress is a factor to be considered." White, 585 So.2d at 1209; Unless the defendant has knowledge of the plaintiff's particular susceptibility to emotional

distress, the defendant's "conduct should be judged in the light of the effect such conduct would ordinarily have on a person of ordinary sensibilities." Id.

Furthermore, conduct in the workplace, even if "calculated to cause some degree of mental anguish," will rarely be so severe that it will rise to the level of "outrageous conduct." Id. see also, Deus v. Allstate Insurance Co., 15 F.3d 506, 514 (5th Cir. 1994). Ordinarily, employment disputes, even those involving discrimination and harassment, will rise to the level of intentional infliction of emotional distress in only the most unusual of cases. Booth v. Intertrans Corp., 1995 U.S. Dist. LEXIS 7593 (E.D. La. 1995); see Wilson v. Monarch Paper Co., 939 F.2d 1138, 1144 (5th Cir. 1991); Dean v. Ford Motor Co., 885 F.2d 300, 304-07 (5th Cir. 1989).

In her complaint, Plaintiff alleges she was subjected to harassment, retaliation, and a hostile work environment, and that as a result, she has suffered physical illnesses, wrongful termination, irreparable loss, grievous humiliation, insult to her dignity and loss of past, present and future earnings. However, the Plaintiff's petition lacks sufficient allegations that the harassment she suffered was "more than a reasonable person could be expected to endure," or that Folger's conduct was intended or calculated to cause severe emotional distress, "not just some lesser degree of fright, humiliation, embarrassment or worry." Washington v. Davis, 2001 U.S. Dist. LEXIS 17933 at *26 (E.D. La. 2001). Louisiana courts have in many instances dismissed causes of action for intentional infliction of emotional distress where the pleadings exhibited a greater degree of specificity in their allegations than we see here. Id; See, e.g., Smith v. Ouachita Parish Sch. Bd., 702 So. 2d 727 (La. App. 2d Cir. 1997), writ denied, 706 So. 2d 978 (La. 1998)(holding that the wrongful demotion and transfer of a teacher within the school system, though causing emotional

and psychological distress, did not constitute extreme and outrageous conduct); Stewart v. Parish of Jefferson, 668 So. 2d 1292 (La. App. 5th Cir. 1996), writ denied, 671 So. 2d 340 (La. 1996)(holding that intentional infliction of emotional distress was not shown, even though a supervisor maintained two-year's harassment in which he questioned the worker's personal life, increased the workload, and pressured the employee to accept a demotion which ultimately led to the employee's termination); Beaudoin v. Hartford Acc. & Indem. Co., 594 So. 2d 1049 (La. App. 3d Cir. 1992), writ denied, 598 So. 2d 356 (La. 1992)(holding that even if the employee felt singled out for abuse, a supervisor's eight-month undertaking in which he shouted at an employee, cursed at her, called her names, commented about the inferiority of women, and falsely accused her of making mistakes did not constitute extreme and outrageous conduct).

After considering Plaintiff's complaint and the applicable law, the Court concludes that Plaintiff has not made sufficient allegations to state a viable claim for intentional infliction of emotional distress in the workplace under Louisiana law. Accordingly, this claim is dismissed.

**IT IS ORDERED** that the Partial Motion to Dismiss pursuant to FRCP Rule 12(b)6, filed on behalf of the Defendant, Folgers, be and the same is hereby **GRANTED**.

New Orleans, Louisiana, this 29th day of August, 2006.

_____
**JAY C. ZAINEY**
**UNITED STATES DISTRICT JUDGE**