**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JENNIFER A. BERTAUT**                                    **CIVIL ACTION**

**VERSUS**                                                **NO. 06-2437**

**THE FOLGER COFFEE COMPANY**                             **SECTION "A"**

<u>**ORDER AND REASONS**</u>

Before this Court is a Motion for Summary Judgment filed on behalf of the Defendant,

The Folger Coffee Company ("Folgers") [Rec. Doc. No. 21].  This motion was set for hearing on

February 7, 2007, without oral argument, and taken under submission solely on the briefs.  The

Court, having considered the record, the evidence submitted, the law and applicable

jurisprudence, is fully advised in the premises and ready to rule.

I.      <u>**BACKGROUND**</u>

Plaintiff Jennifer Bertaut brought this suit alleging that between May 2002 and mid-2004,

she was subject to ongoing harassment inflicted by a co-worker, and such harassment was

complained of to her managers, Marty Kolwyck and Glenn Vinson.  The plaintiff alleges the

harassment  was "so severe that Petitioner suffered physical illnesses and was prevented from

achieving standard levels of pay and performance."  Further, Petitioner alleges that she witnessed

and reported alleged sexual harassment between her co-workers, which she alleges caused her to

develop stress related illnesses and caused her to be placed on light duty. In addition, Petitioner is alleged to have complained to the plant manager, Kristin Okhuysen, that Marty Kolwyck, her manager, had begun to harass her because of her prior complaints.  Petitioner was later suspended in late 2004 and early 2005 and was later terminated on March 3, 2005.  The complaint in this case alleges that "intentional and gross negligence, acts of fault, gross and wanton negligence, and a lack of skill by the defendant 'Folgers'" was the sole and/or proximate cause of the injuries sustained. The plaintiff brought claims for negligent and intentional infliction of emotional distress, wrongful termination, failure to provide a non-hostile workplace in violation of La. R.S. §23:311, failure to supervise and failure to train.

On August 29, 2006, this Court dismissed the plaintiff's claims of discrimination, negligence, and intentional infliction of emotional distress.  [Rec. Doc. No. 15].  The Court found that the claims of discrimination were procedurally barred, as the plaintiff had not complied with the prerequisites of the Louisiana Employment Discrimination statute ("LEDL"). La. R.S. §23:301 *et seq*.  The Court found that the plaintiff's causes of action for negligence were also barred as the plaintiff specifically pled *respondeat superior*, and the Louisiana Worker's Compensation Statute is the exclusive remedy for an employee's claim of negligence against his or her employer that arises out of the course and scope of employment.  Finally, the Court found that the plaintiff's cause of action for intentional infliction of emotional distress should be dismissed because the plaintiff had not made sufficient allegations to state a viable claim for intentional infliction of emotional distress under the standards set forth by Louisiana jurisprudence.

On January 8, 2007, the defendant filed this Motion for Summary Judgment arguing that the

only remaining claim in the case is one for retaliation. The defendant argues that there is no Louisiana statute available that would allow the plaintiffs to recover under these facts for retaliation. The plaintiff opposes this motion, contending that there are genuine issues of fact that would preclude granting this motion.

**II.     LAW AND ANALYSIS**

**A.     Summary Judgment**

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id.

3

Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

**B.    Retaliation**

Because the plaintiff's complaint did not name the statute upon which the plaintiff based its claim of retaliation, defendant's motion addresses itself to the availability of a claim under the Louisiana Commission on Human Rights Act ("LCHRA"), La. R.S. §51:2256, Louisiana Employment Discrimination Law, La. R.S. §23:301 et seq., and Louisiana's Whistleblower Statute, La. R.S. §23:967 [Rec. Doc. No. 21-2, p. 2].  The  plaintiff's opposition speaks only to retaliation under Louisiana Employment Discrimination Law.  This Court will not address the LCHRA[1] and the Louisiana Whistleblower's Statute because by not addressing these statutes in its opposition, the Court finds that the plaintiff concedes that no cause of action exists in this case under those statutes. Furthermore, this Court will not consider the claim of retaliation under an EEOC analysis, because as the Court noted in the August 29, 2006 Order, the plaintiff did not follow the requisite procedures for making a claim under Title VII.  See  National Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, 40 F.3d 698, 711 (5th Cir. 1994)(noting that "[i]t is well-settled that courts have no

---

[1]Even if this Court were to consider this to be an allegation of retaliation under the Louisiana Human Rights Act, La.Rev.Stat. Ann. § 51:2256, courts in the Eastern District have held that Section 51:2256 no longer confers a cause of action for retaliation in the employment discrimination context because that provision only applies to that Chapter of the Louisiana Human Rights Act, and employment discrimination is now declared unlawful by the LEDL.  See Sawyer v. JRL Enterprises, Inc., 2005 WL 3543738, *3 (E.D. La. 2005); Smith v. Parish of Washington, 318 F.Supp.2d 366, 371, 373 (E.D. La.2004)("[T]he inclusion of definitions pertaining to employment discrimination in a statute in which substantive employment discrimination provisions were repealed does not create causes of action: it simply creates confusion.")

jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies." citing Tolbert v. United States, 916 F.2d 245, 247-48 (5th Cir.1990)). Therefore, this Court will consider the defendant's motion and plaintiff's opposition as it relates to the Louisiana Employment Discrimination Law.

The plaintiff claims a right of action for retaliation under Louisiana Employment Discrimination Law (L.E.D.L.) Section 303(A),  which states,

> A plaintiff who has a cause of action against an employer, employment agency, or labor organization for a violation of this Chapter may file a civil suit in a district court seeking compensatory damages, back pay, benefits, reinstatement, or if appropriate, front pay, reasonable attorney fees, and court costs. In such a suit, the venue shall be the district court in the parish in which the alleged violation occurred.

La. R.S. §23:303(A).  However, the plaintiff fails to note that Section 303(C) states that a plaintiff who intends to pursue action under this statute must "give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action." Id. at 303(C).  This is the same procedural roadblock that the plaintiff incurred in the previous motion to dismiss, when this Court dismissed the discrimination claims without prejudice because of the plaintiff's failure to comply with Section 303(C).  There is no indication in the record that the plaintiff has since complied with the requirements of Section 303(C). Therefore, a procedural bar still exists for the plaintiff to bring a suit under the Louisiana Employment Discrimination Law.

However, even if the plaintiff had provided the proper notice and followed the proper procedure as required by Section 303(C), the plaintiff has another hurdle to conquer.  As noted by the defendant, the only portions of the Louisiana Employment Discrimination Law that make

adverse actions or so-called "retaliation" prohibited are La. R.S. §23:312(D)[2], prohibiting retaliation in the age discrimination context, and §23:352(D)[3], in the sickle cell context.  The lack of any similar language prohibiting discrimination because an individual, member or applicant has "has opposed any practice made unlawful by this Section, or because such individual, member, or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation pursuant to this Part" in other contexts of the statute indicates a legislative intent to restrict a claim for retaliation to those sections which specifically address the issue.  This approach is echoed is <u>Smith v. Parish of Washington</u>, 318 F.Supp.2d 366, 373 (E.D. La. 2004), wherein the court noted:

> In the new Employment Discrimination Law, the legislature included anti-retaliation provisions in the sections addressing age and sickle-cell trait discrimination. Had the legislature intended to include parallel provisions in the other sections, they would have done so....[T]he fact that some sections do contain such provisions indicates that the legislature intended not to include similar

---

[2]It is unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership because the individual, member, or applicant for membership <u>has opposed any practice made unlawful by this Section, or because such individual, member, or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation pursuant to this Part</u>.  La. R.S. 23:312(D).

[3]It is unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership because such individual, member, or applicant for membership <u>has opposed any practice made unlawful by this Section, or because the individual, member, or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this Part</u>.  La. R.S. 23:352(D).

JS10(00:00)

provisions in the other sections.  Id.[4]

The plaintiff's claims clearly do not allege discrimination based on age or sickle-cell traits. Therefore, as a matter of law, there is no remedy for retaliation in this context, even if the plaintiff had followed the proper procedure for filing a civil suit under the Louisiana Employment Discrimination Law.

Accordingly, **IT IS ORDERED** that the Motion for Summary Judgment filed by the Defendant Folgers be and the same is hereby **GRANTED**.

New Orleans, Louisiana, this 1st day of February, 2007.

_____
**UNITED STATES DISTRICT JUDGE
JAY C. ZAINEY**

---

[4]For further discussion on the 1997 enactment of La. R.S.§ 23:301, *et seq*. and the repeal of §§ 51:2242-2245, which previously allowed for a cause of action based on retaliation, see id. at 371-72.

7